**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:01cr29 |
| | § | |
| PATRICK NEAL ROSS (8) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 26, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez

On September 28, 2001, Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to a sentence of 151 months of imprisonment concurrent with Judgments in the 336th Judicial District Court, Grayson, County, Texas, followed by an eight-year term of supervised release for the offense of conspiracy to manufacture, distribute, possess with intent to manufacture distribute, dispense cocaine base. On December 18, 2006, this case was re-assigned to the Honorable Michael H. Schneider, United States District Judge. On May 9, 2008, after considering a motion filed pursuant to Title 18 U.S.C. § 3582(c)(2), the Court reduced the imprisonment term to 121 months. Defendant's term of supervision commenced on February 18, 2009.

On September 9, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 378). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; and (5) Defendant shall pay a $4,000 fine to be paid on a monthly basis at the rate of at least 10% of Defendant's monthly gross income.

The Petition alleges that Defendant committed the following violations: (1) on or about August 10, 2010, Defendant was arrested by the Sherman, Texas, Police Department and charged with possession of marijuana, and the charge is still pending in Grayson County; (2) on or about August 10, 2010, Defendant was arrested by the Sherman, Texas, Police Department and charged with failure to identify-fugitive, and this charge is still pending in Grayson County; (3) Defendant has failed to work regularly at a lawful occupation for the months of April, June, July, August, September, and December, 2009, as well as January, February, April, and May, 2010; and (4) Defendant has failed to make a payment toward the fine for the months of April, May, July, August, September, October, November and December, 2009, as ell as January, February, April, May, July and August, 2010, and as the date of the filing of the Petition, an outstanding fine balance of $3,782.53 remained.

At the hearing, based on an agreement reached with the Government, Defendant entered a plea of true to the allegation that he has failed to work regularly at a lawful occupation for the months of April, June, July, August, September, and December, 2009, as well as January, February, April, and May, 2010. As to other violations, Defendant entered a plea of not true. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. Based on the condition to which Defendant did plead true, the Court finds that he has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 26, 2010 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 8 months, with 60 months of supervised release to follow as to Count I and 28 months of supervised release to follow as to Count XVIII, to run concurrently with each other but consecutively to any misdemeanor charges being served.

**SIGNED this 28th day of October, 2010.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE